IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| DJ CHRISTIE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 12-mc-00405-CM |
| ALAN E. MEYER, JOHN R. PRATT, ) | |
| ALEXANDER W. GLENN, DAVID J. ) | (Case in U.S. Bankruptcy Court |
| CHRISTIE, and WASHINGTON ) | Adv. No. 11-07043) |
| INTERNATIONAL INSURANCE CO., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES BANKRUPTCY ) | |
| COURT - TOPEKA DIVISION, ) | |
| ) | |
| Interested Party. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case is before the court on Defendant John R. Pratt's Motion to Withdraw the Reference (Doc. 2). Judge Dale Somers of the United States Bankruptcy Court for the District of Kansas has issued a Report and Recommendation regarding the motion (Doc. 6). The parties have briefed their positions. For the following reasons, the court denies the motion to withdraw as premature, and adopts the Report and Recommendation of the Bankruptcy Court.

**I.      Factual Background**

The long and complex history of this action is set forth in detail in other of this court's orders, and need not be repeated at length here.[1] In short, this dispute originally arose from an

alleged oral joint venture/partnership agreement to construct, develop, and manage a mixed-use residential apartment complex in Junction City, Kansas. Alan Meyer and John Pratt, *inter alia*, sued David Christie, Alexander Glenn, and DJ Christie, Inc. ("DJC"), *inter alia*, in federal court, Case No. 07-2230. The undersigned was the presiding judge in that matter. On May 21, 2009, following a ten-day trial, a jury returned a verdict for Meyer and Pratt on all counts. (No. 07-2230, Docs. 295, 296, 297.) Meyer and Pratt elected the jury's damage award of $9,196,345 and the court subsequently awarded plaintiffs $100 in nominal punitive damages. (*Id.*, Docs. 307, 341.)

As a condition of their appeal, Christie, Glenn, and DJC posted a supersedeas bond in the amount of $1,125,000, which Christie did as principal with Washington International Insurance Company acting as surety. (*Id.*, Doc. 373.)

On May 20, 2011, DJC filed a Chapter 11 Bankruptcy in the United States Bankruptcy Court for the District of Kansas, Case No. 11-40764-DLS. Pursuant to 11 U.S.C. § 362(a), the filing of the bankruptcy petition stayed enforcement of the judgment against it.

Following remand from the Tenth Circuit's decision in *Meyer v. Christie*, 634 F.3d 1152 (10th Cir. 2011) (affirming in part and reversing in part *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 4782118 (D. Kan. Dec. 8, 2009)), this court entered a final amended judgment on July 15, 2011, in favor of Meyer and Pratt, and against Christie, Glenn, and DJC in the amount of $7,170,603, plus $100 in punitive damages, along with costs ("the Judgment" or "the 07-2230 Judgment"). (*Id.*, Doc. 419.)

At some point after the Tenth Circuit's mandate was issued, Christie and Glenn apparently

---

[1] *See, e.g.*, *Meyer v. Christie*, 634 F.3d 1152 (10th Cir. 2011) (affirming in part and reversing in part *Meyer v. Christie*, No. 07-2230-CM, 2009 WL 4782118 (D. Kan. Dec. 8, 2009).

acquired, by assignment, certain judgments entered by Iowa courts against Meyer and Pratt and other parties and in favor of various lenders ("the Iowa Judgments").

After the final judgment in 07-2230 but before the court ruled on certain of Meyer and Pratt's motions regarding collection on/enforcement of the judgment, DJC filed an adversary proceeding in the Bankruptcy Court naming Meyer, Pratt, the surety (Washington International), Glenn, and Christie, Case No. 11-07043. In the adversary proceeding, DJC seeks, *inter alia*, a determination on whether it may offset these Iowa Judgments—owed to it by Meyer and Pratt—against the Judgment it owes in this case. Specifically, the adversary complaint alleges that DJ Christie Inc., Glenn, and Christie own judgments against Meyer and Pratt in the amount of $7,543,500.40, *i.e.*, more than the 07-2230 Judgment owed by DJC, Glenn, and Christie to Meyer and Pratt.

Christie and Glenn initiated garnishment actions naming the surety as garnishee. An interpleader complaint, Adv. No. 12-07016, was filed in the Bankruptcy Court regarding $1,000,000 ostensibly representing Christie and Glenn's shares in half of the net proceeds of the sale of the Junction City property in a separate bankruptcy proceeding. Other complications exist.

DJC's adversary complaint at issue here alleges three counts.[2] On cross-claim, Glenn and Christie assert three counts against Meyer and Pratt.[3] On counter- and cross-claims, Meyer and Pratt

---

[2] DJC seeks (1) a determination of the validity, extent, and priority of judgment liens held by Meyer and Pratt on the DJC's real property; (2) a determination of amounts due between DJC and Meyer and Pratt, based upon setoff of the Iowa Judgments, including cancellation of the Bond because the setoff would satisfy the 07-2230 Judgment in full; and (3) a judgment against Meyer and Pratt for the excess of the assigned Iowa Judgments over the amount owed under the 07-2230 Judgment against Christie and Glenn.

[3] Christie and Glenn seek (1) a determination that setoff of the Iowa Judgments against the 07-2230 Judgment is permitted, leaving a net amount due from Meyer and Pratt to Christie and Glenn; (2) a determination that the assignments made by Meyer and Pratt of the 07-2230 Judgment are invalid; and (3) a declaration that the Bond should be released because setoff satisfies the 07-
(continued...)

assert five causes of action against DJC, Christie, Glenn, and Washington.[4]

Pratt's timely motion to withdraw the reference to this adversary proceeding seeks permissive withdrawal pursuant to 28 U.S.C. § 157(d) (permitting withdrawal, in whole or part, on timely motion, for cause, on core and noncore matters). Pratt argues that withdrawal is necessary to prevent forum shopping, to promote judicial economy, and to reduce cost and delay. Regarding judicial economy, Pratt argues that the Bankruptcy Court lacks the authority to enter final judgment on the state law claims.

## II.  Report and Recommendation

In a detailed and thorough opinion, the Bankruptcy Court examined the relevant factors and concluded that cause exists to withdraw the reference because there is a right to a jury trial on at least one claim asserted by Meyer and Pratt. However, the Bankruptcy Court concluded that even if an Article III court is required to enter final judgment on any of the claims in the adversary proceeding, *see Stern v. Marshall*, __ U.S. __, 131 S. Ct. 2594 (2011), the Bankruptcy Court has both the jurisdiction and the authority to preside over pretrial matters, enter nonfinal judgments, and make suggested findings of fact and conclusions of law. Based on this conclusion—and its determination that trial preparation for the nonjury and the jury claims will overlap and the jury trial claim is likely to be peripheral to the primary disputes—the Bankruptcy Court recommends that, to preserve

---

[3] (...continued)
2230 Judgment in full.

[4] Meyer and Pratt seek (1) a declaration that Christie and Glenn are not entitled to offset the Iowa Judgments to satisfy the 07-2230 Judgment; (2) a declaration that Meyer and Pratt are immediately entitled to the Bond proceeds; (3) a declaration that Meyer and Pratt are entitled to acquire DJC stock from Christie, and, as a result of such acquisition, are entitled to control the affairs of DJC; (4) equitable subordination of three claims allegedly held by insiders of DJC; and (5) avoidance of transfers of assets by Christie and Glenn to insiders as fraudulent transfers made with actual intent to hinder, delay, or defraud Meyer and Pratt, and an award of punitive damages.

judicial resources, the adversary proceeding remain in the Bankruptcy Court initially, and that withdrawal be delayed until jury issues are well-defined and ready for trial.

**III.    Parties' Positions**

DJC urges the court to approve the recommendation, with the clarification that the resolution or dismissal of the fraudulent transfer claim would end the need for withdrawal.

Christie and Glenn have no objection to the report and recommendation, and ask that it be adopted.

Meyer and Pratt urge the court to reject the recommendation to delay withdrawal because:

> "(i) this Court has jurisdiction to enforce its Judgment, and immediate withdrawal of the reference is necessary to preclude [David Christie, Alexander Glenn, and DJC's] improper forum shopping and other improper tactics designed to thwart Meyer and Pratt's collection of the Judgment; and (ii) the most expeditious and efficient way to resolve the disputes that are presently residing in this Court and the Bankruptcy Court is to immediately withdraw the reference."

(Doc. 10 at 3.)

**IV.     Discussion**

As noted above, the court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  Local Rules further provide that "[a] district judge shall conduct jury trials in all bankruptcy cases and proceedings in which a party has a right to trial by jury, a jury is timely demanded, and no statement of consent to jury trial before a bankruptcy judge has been filed." D. Kan. Rule 83.8.13(a); *see also* Rule 83.8.6(a)(2) (setting out procedure for transferring proceedings).

Even when the right to a jury trial constitutes cause for withdrawal, the court "may decline to withdraw the reference until the case is ready for trial." *In re Hardesty*, 190 B.R. 653, 656 (D. Kan.

1995). This approach "'streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity of the issues and discouraging forum-shopping.'" *Riederer v. Whipple*, No. 11-2517-JAR, 2011 WL 4972076, at *2 (D. Kan. Oct. 19, 2011) (quoting *Redmond v. Hassan*, No. 07-204-KHV, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007)).

Contrary to Meyer and Pratt's suggestion, the most efficient way to handle the many interrelated and outstanding disputes is to delay withdrawal of the reference until the issues are narrowed, nonjury claims are resolved, and the case is ready for trial. The Bankruptcy Court is fully equipped with the tools to proceed with this matter without interference by the district court. *See, e.g.*, *In re Keene Corp.*, 182 B.R. 379, 385–86 (S.D.N.Y. 1995). Therefore, the motion to withdraw the reference is premature. And the request will only become ripe if and when the claim or claims proceed to trial. The court wholly adopts the Bankruptcy Court's Report and Recommendation (Doc. 6), and denies Defendant John R. Pratt's Motion to Withdraw the Reference (Doc. 2) as premature.

The court does not accept DJC's request for clarification that the resolution or dismissal of the fraudulent transfer claim would end the need for withdrawal. The Bankruptcy Court is well suited to make this determination, even if it must come in the form of a Report and Recommendation, at the appropriate time.

The court also notes that DJC has filed a motion to establish alternative dispute resolution. This motion remains pending and is referred to the Bankruptcy Court.

**IT IS THEREFORE ORDERED** that Defendant John R. Pratt's Motion to Withdraw the Reference (Doc. 2) is denied as premature.

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Report and Recommendation

Case 5:12-mc-00405-CM   Document 17   Filed 06/27/12   Page 7 of 7

-7-

(Doc. 6) is adopted.

      Dated this <u>27th</u> day of June 2012, at Kansas City, Kansas.

                                          <u>**s/ Carlos Murguia**</u>
                                            **CARLOS MURGUIA**
                                            **United States District Judge**

-7-